## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Luisa Perez,<br><br>    Plaintiff,<br><br><br>  – against–<br><br><br><br>Synchrony Bank, Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC,<br><br>    Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Luisa Perez (hereinafter "Plaintiff"), by and through her attorneys, Reznik Law Office, P.C., by way of Complaint against Defendants, Synchrony Bank ("Synchrony"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the New Jersey Fair Credit Reporting Act, N.J. Stat. §56:11-28, et sq. (the "NJ FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NJ FCRA prohibits furnishers and credit reporting agencies form falsely and inaccurately reporting consumers' credit information.

1

## PARTIES

2. Plaintiff, Luisa Perez, is an adult citizen of the state of New Jersey domiciled in Iselin, NJ.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and N.J. Stat. §C.56:11-30 of the NJ FCRA.

4. Defendant Synchrony is a corporation business entity that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

5. Defendant Experian Information Solutions, Inc. is a business entity that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 29 Broadway, 6th Floor, New York, NY 10006.

6. Defendant Transunion is a limited liability company organized and existing pursuant to the laws of the State of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

7. Defendant Equifax is a limited liability company organized and existing pursuant to the laws of State of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 1550 Peachtree St., Atlanta, GA 30309.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action

arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New Jersey.

## FACTUAL ALLEGATIONS

10. Defendant Synchrony issued a credit card account ending in 4852 to Plaintiff. This account was routinely reported on Plaintiff's consumer credit report.

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and N.J. Stat. §C.56:11-30 of the NJ FCRA.

12. On January 21, 2015, Plaintiff and Synchrony entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) monthly payments totaling $644.44 to settle and close her Synchrony Bank account.

14. Plaintiff, via her attorney at the tiem, timely made the settlement payments. Proofs of these payments are attached herein as Exhibit B.

15. However, Plaintiff's Synchrony account continued to be negatively reported.

16. In particular, on a requested credit report dated March 13, 2017, the account was reported with a status of "CHARGE OFF," a balance of $1,414.00 and a past due balance of $353.00. The relevant portion of Plaintiff's March 2017 credit report is attached hereto as Exhibit C.

17. The trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as settled with a $0 balance.

18. Plaintiff notified Defendants directly of a dispute regarding the Synchrony accounts' completeness and/or accuracy.  This letter and the certified mail receipts are attached hereto as Exhibit D.

19. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to the Consumer Reporting Agencies, Experian, Equifax and Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA and N.J. Stat. §C.56:11-36 of the NJ FCRA.

20. In June of 2017, Plaintiff requested an updated credit report from each Defendant credit reporting agency. The trade line for the Synchrony account in question remained in "CHARGE OFF" status with a balance of $1,414.00 and a past due balance of $353.00 despite Plaintiff's dispute.   The June 2017 credit reports are attached hereto as Exhibit E.

21. Upon information and belief, Experian, Equifax and Transunion did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA and NJ FCRA.

22. Alternatively, if Experian, Equifax or Transunion did notify Synchrony, Synchrony failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

23. If Synchrony did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would be updated to reflect a settled status with a $0 balance.

24. Despite the fact that Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow or adhere to this requirement as well as the requirements set forth under the FCRA, resulting in the intended consequences of this information remaining on Plaintiff's credit reports.

25. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thus violating the FCRA and the NJ FCRA. These violations occurred before, during, and after the dispute process began with Experian, Equifax and Transunion.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

course of their employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Fair Credit Reporting Act)

28. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

29. Experian, Equifax and Trans Union are "consumer reporting agenc[ies]" as codified at 15 U.S.C. § 1681a(e).

30. Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

34. Synchrony failed to update Plaintiff's credit report and/or notify the credit bureaus that the Synchrony account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

35. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

36. Experian, Equifax and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

37. Experian, Equifax and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

38. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score and credit rating, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

39. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(New Jersey Fair Credit Reporting Act)

40. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

41. Experian, Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's disputes.

42. Experian, Trans Union and Equifax failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day statutory period as required by NJ FCRA, N.J. Stat. §C.56:11-36f(1).

43. Experian, Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiff's disputes as required by NJ FCRA, N.J. Stat. §C.56:11-36(a) and N.J. Stat. §C.56:11-36 (e).

44. As a result of the above violations of the NJ FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score and credit rating, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

45. As a result of the above violations of the NJ FCRA, Experian, Trans Union and Equifax are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $65,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

4. That judgment be entered against Defendants for actual damages pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39;

5. That judgment be entered against Defendants for punitive damages pursuant to N.J. Stat. §C.56:11-38;

6. That the Court award costs and reasonable attorney's fees pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39; and

7. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**REZNIK LAW OFFICE, P.C.**

/s/ Maksim Reznik
Maksim Reznik, Esq.
221 River Street, 9th Floor
Hoboken, NJ 07030
(201) 721-8687
maks@rezniklawoffice.com
*Counsel for Plaintiff*

9